REGAN, Judge.
Plaintiff, Walter Buras, instituted this-suit against the defendants, Oil Field Maintenance Company, the Travelers Insurance-Company, and the Travelers Indemnity-Company, endeavoring to recover workmen’s compensation in the amount of $14,-000.00 for permanent and total disability which he asserts was incurred by him as-the result of an accident occurring in the-course and scope of his employment as am oil field laborer.
Defendants answered, and conceded that the injuries sustained by the plaintiff were-incurred in the course and scope of his employment; however, they denied that any disability existed after March 19, 1961,. when the plaintiff was discharged by his-treating physician as fit to resume his former occupation.
From a judgment in favor of the defendants dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the plaintiff was-employed by the defendant, Oil Field Maintenance Company, as a manual laborer or roustabout, when he sustained injuries to-his lower back in the course of helping two-of his fellow employees lift a heavy length of pipe. While the exact date of the accident is not clear, it apparently occurred in-the early part of February, 1961.
Plaintiff was removed from the scene of the accident, near Burrwood, Louisiana, via *571 truck and airplane, to Venice, where he was ■examined and treated by Dr. J. T. Reeves. ■On March 19, 1961, treatment was terminated and he was discharged as fit to return to his former occupation. Plaintiff resumed work on March 20, 1961, and remained so ■employed until April 24, when he was dismissed.
The evidence elicited at the trial hereof is, as usual in cases of this nature, conflicting. The plaintiff testified that he experienced severe pain when he returned to work and could only perform light duties, such as painting machinery valves. After he was discharged by the defendant, he secured employment from the Parish of Pla-quemines as the operator of a trash truck. When interrogated relative to the nature of this work, he testified that he was employed by the Parish only as a driver, and that all of the lifting involved in the process of removing trash was performed by his helper.
Plaintiff called Dr. Blaise Salatich, who ■appeared at the trial hereof as his only medical witness. He related that he diagnosed a multitude of ailments in the plaintiff’s lower back, all of which caused him to be permanently and totally disabled.
The defendants’ evidence creates a com•pletely different picture of the plaintiff’s injuries. Dr. J. T. Reeves testified that the plaintiff had fully recovered from his injuries as of March 19, when he was released ;as fit to return to work. He further as•serted that in the latter part of 1961 he •examined the plaintiff on behalf of the Parish of Plaquemines in connection with •the plaintiff’s job application, and at this time found no evidence of injury to the plaintiff’s back. Moreover, plaintiff made mo complaints of any back pain in the course ■of this medical examination.
R. R. Montgomery, the foreman who had -supervision over the plaintiff before and after his injury, testified that the plaintiff was not assigned to light duty upon returning to his former occupation, but that he performed the usual work in the customary manner.
Dr. H. R. Soboloff, an expert in the field of orthopedic surgery, related that he examined the plaintiff at the defendants’ request on May 30, 1962, at which time he performed a complete medical work-up, including X-rays and the administration of the various tests used to determine orthopedic disability. His conclusion, after considering the results of his examination, was that the plaintiff’s body revealed no evidence whatever of physical disability. Furthermore, he pointed out that the plaintiff manifested many inconsistencies in his reactions to the various tests used in such an examination, all of which tended to cast doubt on the validity of his complaints.
Finally the defendants offered in evidence the testimony of two investigators employed by Pendleton Detective Service, both of whom asserted that they observed the plaintiff for several days when he was engaged in working as trash truck driver and that (contrary to his testimony) they saw him lift various containers filled with trash and throw the contents thereof into the truck. Plaintiff’s counsel conceded, in this court, that the moving picture film taken by these investigators fully substantiates what they said they observed.
After considering the foregoing evidence, the trial court concluded that the plaintiff had failed to prove his case by a preponderance of the evidence. The judge thereof obviously accepted the defendants’ version relative to the severity of the plaintiff’s accident and, therefore, reasoned that he did not sustain injuries as a result thereof which disabled him subsequent to March 19, 1961.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous arid unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a more protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the extent of the plaintiff’s injuries. The trial judge *572 accepted the defendants’ version thereof,' and our analysis of the record convinces us that the evidence preponderates in their favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed at the plaintiff’s cost.
Affirmed.